# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KJ Appliance Center, LLC,<br>Kenneth Johnson, Jim Brantley,<br><br>    Plaintiffs,<br> v.<br><br>BSH Home Appliances Corporation,<br><br>    Defendant. | Case No.: 2:19-cv-795-RMG<br><br><br>**ORDER AND OPINION** |

  Before the Court are Defendant BSH Home Appliances Corporation's ("BSH") motion for summary judgment (Dkt. No. 44) and Plaintiffs KJ Appliance Center, LLC ("KJ"), Kenneth Johnson, and Jim Brantley's (collectively "Plaintiffs") motion for voluntary dismiss without prejudice (Dkt. No. 45). For the reasons set forth below, the Court denies Plaintiffs' motion for voluntary dismissal without prejudice and grants Defendant's motion for summary judgment.

  **I.** **<u>Background</u>[1]**

  Johnson and Brantley formed KJ on March 5, 2018. (Dkt. No. 1 ¶ 17). Previously, Johnson had worked for twenty years in the appliance installation business in and around Charleston. (*Id.* ¶ 12). Brantley had worked as a salesman in the appliance industry for roughly twenty-seven years, including eleven years as a District Sales Manager for BSH from 2006 to 2017. (*Id.* ¶ 13). Johnson and Brantley "envisioned combining their knowledge, skills, and experience in the appliance industry to . . . cash in on their goodwill, contacts, and skills [in the Charleston area]." (*Id.* ¶ 14). Johnson and Brantley formulated a business plan to sell "(1) exclusively . . . BSH products, utilizing Mr. Brantley's specific knowledge of BSH's products, sales history, and knowledge of BSH-specific operational procedures; (2) Mr. Johnson's product knowledge, installation services, and connections with builders and the construction industry

---

[1] **<u>All facts are viewed in a light most favorable to Plaintiffs, the non-moving party.</u>**

generally; and (3) both parties 20+ years' experience in the Charleston area as a source for geographical knowledge (for optimal site selection), customer leads, and goodwill." (*Id.* ¶ 15). Johnson pitched this idea to Trent Roth, BSH's District Sales Manager in early 2018. (*Id.* ¶ 16). After BSH gave "the go-ahead on the concept and instructed Mr. Johnson and Mr. Brantley to go find a site," Johnson and Brantley founded KJ. (*Id.* ¶¶ 16 – 17). On March 7, 2018, KJ entered into two Dealer Agreements (the "Agreements")[2] with BSH whereby KJ became an authorized dealer of certain BSH products. (*Id.* ¶ 18).

The Agreements required KJ to establish a "bona fide 'brick and mortar'" location. (*Id.* ¶ 19). KJ acquired such a location and Johnson and Brantley personally guaranteed the lease for said premises. (*Id.* ¶¶ 22 – 23). On June 1, 2018, eight-six days after entering into the Agreements with KJ, BSH terminated the Agreements, noting that "[a]s part of BSH's strategy to remain competitive in the future, we are compelled to reorganize our authorized dealer relationships." (*Id.* ¶¶ 24 – 25). Both Agreements permit the parties to terminate the Agreements, with or without cause, on thirty days' written notice. (Dkt. No. 44-1 § 13; Dkt. No. 44-2 § 13). The termination provided KJ a thirty-day window during which to continue to purchase BSH products. (Dkt. No. 1 ¶ 27).

On March 15, 2019 Plaintiffs filed the instant complaint against BSH. (Dkt. No. 1). On June 27, 2019 BSH moved for a judgment on the pleadings. (Dkt. No. 16). On January 15, 2020 the Court granted in part and denied in part BSH's motion. (Dkt. No. 30). The Court dismissed all of Plaintiffs claims except for those alleging: (1) wrongful termination of the Agreements; and (2) breach of the implied duty of good faith and fair dealing.

---

[2] Both agreements "substantially mirror[] each other but for details relating to the products [to be sold by KJ]." (Dkt. No. 1 ¶ 18 n. 1). Copies of the Agreements are attached to BSH's motion for summary judgment. (Dkt. No. 44).

On July 1, 2020 BSH moved for summary judgment on Plaintiffs' remaining claims. (Dkt. No. 44). Plaintiffs filed a response in opposition on July 15, 2020, (Dkt. No. 47), to which BSH filed a reply on July 22, 2020, (Dkt. No. 49).

On July 6, 2020, five days after BSH moved for summary judgment, Plaintiffs filed a motion to voluntarily dismiss this action *without prejudice*. (Dkt. No. 45). BSH filed a response in opposition on July 20, 2020, (Dkt No. 48), to which Plaintiffs filed a reply on July 27, 2020, (Dkt. No. 50).

Both motions are fully briefed and ripe for disposition.

**II.**     Legal Standards

    **a.**  Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

    **b.**  Voluntary Dismissal

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may not voluntarily dismiss his action without a court order after service of an answer or motion for summary

judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2). Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). To establish plain legal prejudice, a defendant must show some harm other than the mere prospect of a second lawsuit. *See Ellett Bros., Inc. v. United States Fidelity & Guar. Co.*, 275 F.3d 384 (4th Cir. 2001); *see also* Fed. R. Civ. P. 41(d) (permitting the court to order a plaintiff who has previously dismissed an action based on or including the same claim against the same defendant to pay all or part of the costs of the previous action and to stay the new case until the plaintiff has complied). In deciding whether to dismiss an action pursuant to Rule 41(a)(2), a court should consider factors such as (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) an insufficient explanation of the need for a dismissal; and (4) the present state of the litigation. *Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004) (citing *Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). This list of important factors is not exclusive; the court may consider any relevant factors depending on the circumstances presented in the case. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364 (3d ed. 2008) (discussing Fourth Circuit law).

**I.**     Discussion

      **a.** Plaintiffs' Motion for Voluntary Dismissal

On July 6, 2020, five days after BSH moved for summary judgment, Plaintiffs filed a motion for voluntary dismissal of the instant action *without prejudice*. (Dkt. No. 45). Plaintiffs' sole reason for seeking dismissal is to litigate this case in state court. Plaintiffs state:

> [T]hrough discovery [Plaintiffs have] begun uncovering activities of various persons and/or entities, which activities are designed to undermine Plaintiffs' contractual and business relations with [BSH]. Plaintiff now desires to bring one unified action against all now identified and relevant parties. On June 15, 2020, Plaintiffs filed a Motion to Amend their Complaint [Dkt No. 42] to add one or more additional parties defendant . . . all of whom, whether acting directly or as or by agents, have interfered with Plaintiffs' contractual business relationship with BSH . . . .

(*Id.* at 1). On July 9, 2020, however, the Court denied Plaintiffs' referenced motion to amend. (Dkt. No. 46). The Court noted that "none of the proposed defendants are indispensable parties" and held that, "[g]iven the posture of this case, and the fact joinder of Plaintiffs' proposed parties would destroy complete diversity and divest this Court of subject matter jurisdiction, controlling and persuasive case law dictate that this Court retain jurisdiction over the instant matter and deny Plaintiffs' motion." (*Id.* at 3).

Here, applying the four-factor test articulated in *Terramite*, the Court denies Plaintiffs' motion. The first and fourth factors weigh in BSH's favor: discovery is complete and BSH has moved for summary judgment. (Dkt. No. 48 at 2-3) (noting that BSH expended significant resources in defending this matter as discovery "included multiple depositions, written discovery, document production, expert disclosures, and third-party discovery"); *see Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179-

80 (4th Cir. 2008) (collecting cases affirming district court denials of motions for voluntary dismissal after the discovery period). The second *Terramite* factor also weighs in BSH's favor. Plaintiffs' motion is "dilatory"—it was filed not only after discovery had closed, but after the deadline for dispositive motions had passed *and* after BSH had moved for summary judgment. *See Seligman v. Tenzer*, 173 F. App'x 280, 283 (4th Cir. 2006) (affirming trial court's refusal to grant voluntary dismissal where plaintiff filed motion "for voluntary dismissal or a continuance after the close of discovery, after defendants had already filed their motion for summary judgment, and within three weeks of the scheduled trial date" and noting that "[g]iven the advanced stage of the proceedings, we perceive no error in the district court's decision to deny Seligman's efforts to prolong the litigation"). Lastly, the third *Terramite* factor—insufficient explanation for dismissal—also weighs in BSH's favor. Plaintiffs' sole reason for seeking dismissal—to litigate this case in state court—is alone insufficient to warrant voluntary dismissal. *See* Order and Opinion, (Dkt. No. 46) (denying Plaintiffs' motion to amend, filed fifteen days before the close of discovery, where addition of dispensable parties would destroy Court's subject matter jurisdiction and require dismissal of action); *see also Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2–3 (4th Cir. 1995) (noting that granting a motion to dismiss is not required to allow a party to "avoid an adverse ruling in federal court" and stating that "[t]he expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal"). Plaintiffs' motion to voluntary dismiss the instant action is denied.

    **b.** BSH's Motion for Summary Judgment

Plaintiffs' two remaining claims allege that (1) BSH wrongfully terminated its Agreements with KJ and that, in doing so, (2) BSH breached its implied duty of good faith and fair dealing. (Dkt. No. 1 ¶¶ 34 – 40).

Under North Carolina law, which controls here,[3] "a supplier is free to terminate a distributor at will, subject to any contractual restrictions." *Allied Distribs., Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 378 (E.D.N.C. 1993) (citing *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 533 (4th Cir. 1989)). The single exception to this rule is "a distributor who has made substantial investments in his business is entitled to operate the distributorship for a 'reasonable time.'" *Bartolomeo*, 889 F.2d at 533 (citing *General Tire & Rubber Co. v. Distribs., Inc.*, 253 N.C. 459, 117 S.E.2d 479, 489 (1960)).

The test for whether a distributorship has operated for a "reasonable time" is a determination of whether the distributor has had a fair opportunity to recoup expenditures. *Id.* at 533; *see also Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-18-D, 2014 WL 5871188, at *4 (E.D.N.C. Nov. 12, 2014) ("The Supreme Court of North Carolina and the Fourth Circuit have explained that, where this narrow exception applies, a court must evaluate the reasonableness of a contract's duration by focusing on whether a party 'has had a fair opportunity' to recoup expenses outlaid in the performance of the contract.") (citing *General Tire & Rubber Co.*, 253 N.C. at 472). Thus, as a matter of law the "narrow exception to the terminable-at-will rule has no application where the distributor has fully recouped his investment, and even made some profits, on his distributorship." *Bartolomeo*, 889 F.2d at 534; *see also Stillwagon*, 2014 WL 5871188, at *4 ("Where a party recoups its investment and makes

---

[3] *See* Order and Opinion, (Dkt. No. 30 at 4-7) (finding that the Agreements are governed by North Carolina law).

some profits, that party has had a fair opportunity and, as a matter of law, the contract's duration is reasonable and may be terminated.").

As BSH has demonstrated, and as Plaintiffs admit,[4] undisputed evidence shows that during the time it operated KJ was profitable and Brantley recovered all personal investments made in KJ. KJ's startup costs were funded by Brantley and KJ fully reimbursed said costs. Johnson Deposition, (Dkt. No. 44-5 at 62:16-63:5); Brantley Deposition, (Dkt. No. 44-4 at 124:3-20); *see also* Brantley Deposition, (Dkt. No. 44-4 at 65:11-66:10; 128:8-24). Further, after BSH terminated the Agreements, KJ, Brantley, and Johnson were released from all obligations owed under KJ's lease in exchange for a one-time payment of $7,367.50 to KJ's landlord. (Dkt. No. 44-7 at 2-3) (releasing KJ from lease and Brantley and Johnson from status as guarantors in exchange for one month's rent); Brantley Deposition, (Dkt. No. 44-4 at 128:1-7). Lastly, during the time it operated, it is undisputed that KJ made $235,638.00 gross profit and $71,545.23 net profit, (Dkt. No. 44-8) (KJ profit and loss statement), reported a business income of $72,300 to the IRS, and distributed profits of $25,000.00 each to Brantley and Johnson, (Dkt. No. 44-9) (KJ 2018 Form 1065). As Plaintiffs nowhere contest BSH terminated the Agreements in accordance with the terms stated therein, and because Plaintiffs "recoup[ed their] investment and ma[de] profits," the Agreements' "duration [was] reasonable" and Plaintiffs' claim for wrongful termination fails as a matter of law. *Stillwagon*, 2014 WL 5871188, at *4; *Allied Distribs.*, 847 F. Supp. at 378 (noting North Carolina law is clear that "a supplier is free to terminate a distributor at will, subject to any contractual restrictions").[5]

---

[4] In their response in opposition to BSH's motion for summary judgment, (Dkt No. 47), Plaintiffs admit as true BSH's factual assertions concerning KJ's profitability. *See* (*Id.* at 10) (noting "KJ did so well during the mere 86 days they were in business that they far exceeded their annual sales goal as set by BSH ($750,000.00), selling $532,000.00 in just 86 days").

[5] In their opposition to BSH's motion, Plaintiffs take issue with BSH's proffered reasons for terminating the Agreements. Plaintiffs cite cases discussing the "public policy exception" to at-will employment contracts under North Carolina law, (Dkt. No. 47 at 6-8), and allege, for the

Further, because Plaintiffs cannot show any underlying breach of the Agreements, KJ cannot sustain its claim for breach of the covenant of good faith and fair dealing. An implied term—even one of good faith and fair dealing—cannot displace or override unambiguous and express contractual rights, including those for termination. *See Riggs Nat. Bank of Wa., D.C. v. Linch*, 36 F.3d 370, 373 (4th Cir. 1994) ("An implied duty of good faith cannot be used to override or modify explicit contractual terms."). As noted above, Plaintiffs admit the Agreements were terminable by either party given appropriate notice, (Dkt. No. 1 ¶ 36), and there is no dispute BHS provided KJ proper notice in terminating the Agreements, (*id.* ¶ 25); Johnson Deposition, (Dkt. No. 44-5 132:15-133:4). Plaintiffs' claim for breach of the implied duty of good faith and fair dealing is dismissed. *See Ditch Witch of Charlotte, Inc. v. Bandit Indus., Inc.*, No. 3:15-CV-181, 2017 WL 390290, at *4 (W.D.N.C. Jan. 27, 2017) (applying North Carolina law to find that the exercise of the right to terminate under an agreement cannot form the basis of a claim for breach of an implied covenant of good faith and fair dealing).

## II.     Conclusion

---

first time, that BSH terminated the Agreements because Plaintiffs refused to participate in a price fixing scheme. *Compare* Complaint, (Dkt. No. 1-1 ¶ 29) (alleging BSH terminated the Agreements because of "resistance or push-back from other larger, more powerful dealers in the market, who were either upset that a former BSH employee (Mr. Brantley) was now in competition with them or that their long-term installer (Mr. Johnson) may no longer be readily available to service their needs"), *with* (Dkt. No. 47 at 7) ("Plaintiffs assert that BSH improperly terminated the KJ dealer agreements due to push back from local dealers, and KJ's refusal to engage in price fixing."). Beyond failing to cite case law applying the above employment law doctrine to distributorship contracts, Plaintiffs' new theory of liability concerning price fixing—a theory Plaintiffs failed to include even in their proposed amended complaint, (Dkt. No. 42)—is procedurally improper, and the Court declines to consider it. *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.") (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

For the foregoing reasons, the Court **DENIES** Plaintiffs KJ Appliance Center, LLC, Kenneth Johnson, and Jim Brantley's motion to dismiss (Dkt. No. 45) and **GRANTS** Defendant BSH Home Appliance Corporation, LLC's motion for summary judgment (Dkt. No. 44).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Court Judge

July 29, 2020  
Charleston, South Carolina